UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| 1 LEVI STRAUSS AND COMPANY, | |
| 2 | |
| 3      Plaintiff, | Civil No. 96-2190 (JAF) |
| 4      v. | |
| 5 M/V "PHOENIX SPIRIT", etc., | |
| 6 et al., | |
| 7      Defendants. | |

1  LEVI STRAUSS AND COMPANY,

2

3      Plaintiff,                          Civil No. 96-2190 (JAF)

4      v.

5  M/V "PHOENIX SPIRIT", etc.,

6  et al.,

7      Defendants.

8  ─────────────────────────────

   MARINE EXPRESS, INC.,

9

10      Intervenor-Plaintiff,

11  v.

12

13  M/V "PHOENIX SPIRIT", etc.,
    et al.,

14

       Defendants.

15  ─────────────────────────────

16  COLBRO SHIP MANAGEMENT COMPANY,
    LIMITED,

17

18      Intervenor-Plaintiff,

19  v.

20  LEVI STRAUSS AND COMPANY,

21

22      Intervenor-Defendant,

23  v.

24  WILLIAM J. COLEMAN,

25      Third-Party Defendant.

26  ─────────────────────────────

Civil No. 96-2190 (JAF)                                              -2-

## OPINION AND ORDER

On August 12, 1998, we granted Colbro Ship Management Company, Ltd.'s ("Colbro") motion to intervene in the present case. Colbro now moves to dismiss the intervention of or for a partial summary judgement against another Intervenor-Plaintiff Marine Express, Inc. ("Marine Express"). See Docket Documents Nos. 54 and 58.

### I.

### Summary Background of the Case

We present an extremely condensed version of events here. Colbro, the bareboat charterer and operator of the M/V PHOENIX SPIRIT ("PHOENIX SPIRIT"), entered into a Time Charter agreement ("Agreement") on April 19, 1996, with Marine Express, a common carrier by water, in which Marine Express would charter the vessel for approximately twelve months. The Agreement contains a compulsory arbitration clause. During the course of the Agreement's performance, Levi Strauss and Company ("Levi Strauss") filed a complaint against PHOENIX SPIRIT in rem, for allegedly violating the Bill of Lading governing a shipment of Levi Strauss' merchandise from Latin America to the United States. Levi Strauss' complaint resulted in the vessel's arrest on October 16, 1996, and Marine Express' and Colbro's purported economic loss. Not being able to meet its obligations to creditors, including Levi Strauss, Colbro filed a

Civil No. 96-2190 (JAF)                                        -3-

Chapter 11 petition in the United States Bankruptcy Court for the

Southern District of Florida ("Bankruptcy Court") on October 30,

1996.

On October 31, 1996, Marine Express intervened in Levi Strauss'

suit against PHOENIX SPIRIT, its owner Pitea Shipping Company

("Pitea"), and Colbro for damages allegedly incurred as a result of

the Levi Strauss-initiated arrest of PHOENIX SPIRIT.  Marine Express

later amended its complaint, dismissing PHOENIX SPIRIT and Pitea as

Defendants.

On December 30, 1997, Colbro, in a parallel proceeding in the

United States District Court for the District of Puerto Rico

("District Court"), sued Marine Express for damages arising out of

PHOENIX SPIRIT's arrest and subsequently moved to compel arbitration

pursuant to the Agreement.  The District Court granted the motion on

February 24, 1998.

On March 3, 1998, Marine Express requested that we grant

provisional remedies to ensure that it would be able to collect a

potential arbitration award.  Given that Colbro has apparently lost

its chief source of revenue – the monthly fees it was receiving for

the chartering of the PHOENIX SPIRIT – Marine Express is concerned

that Colbro may not be able to satisfy an arbitral award against it.

Specifically, Marine Express requests: "(1) an attachment or

garnishment of any money-judgment that may be awarded in favor of

Civil No. 96-2190 (JAF)                                              -4-

Colbro and against Levi Strauss . . . up to the amount of $283,780.94

and/or (2) that Levi Strauss be ordered to deposit with the Clerk of

this Court any amount of money that it is ordered to satisfy to

Colbro, up to the amount of $283,780.94." <u>Docket Document No. 57</u>.

The $283,780.94 amount sought as damages by Marine Express reflects

their purported loss from Colbro's alleged breach of the Agreement.

On August 12, 1998, we granted Colbro's motion to intervene in

the principal case and entered its complaint against Levi Strauss.

On May 7, 1999, the arbitration panel concluded its

deliberations and notified Colbro and Marine Express of the award.

In sum, the arbitral panel concluded that Colbro should pay Marine

Express a net amount of $113,770.71 within thirty days of their

decision, after which time an interest rate of 7.75 percent would be

applied to the outstanding amount.  Marine Express subsequently moved

for confirmation of the arbitral award before the District Court and

us.

## II.

### Legal Standards

**A.    Conversion of a Motion to Dismiss to a Motion for Summary
       Judgement**

When a court considers matters outside the pleadings in deciding

a motion to dismiss pursuant to FED. R. CIV. P. 12(b), the court must

treat the motion as one for summary judgement.  <u>See</u> <u>Cooperativa de</u>

Civil No. 96-2190 (JAF)                                                  -5-

_Ahorro y Credito Aguada v. Kidder, Peabody & Co._, 993 F.2d 269, 272

(1st Cir. 1993); _Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,_

_F.S.B._, 958 F.2d 15, 18 (1st Cir. 1992).  In general, when treating

a Rule 12(b) motion as a motion for summary judgement, the court must

notify all parties about the conversion, in order to give them a

reasonable opportunity to present all material pertinent to this type

of motion.  _See_ FED. R. CIV. P. 12(b) and (c); _Chaparro-Febus v._

_International Longshoremen Ass'n, Local 1575_, 983 F.2d 325, 331 (1st

Cir. 1992).

　　　However, this court finds no need to enforce mechanically the

requirement of express notice. _See Chaparro-Febus_, 983 F.2d at 332.

A district court does not have to give express notice when the

opposing party has received movant's motion and materials and has had

a reasonable opportunity to respond to them. _See id._ (citing _Moody v._

_Town of Weymouth_, 805 F.2d 30, 31 (1st Cir. 1986)).

　　　In the present case, both parties have provided extensive

materials in addition to their arguments and should have, thus,

become aware that Colbro's motion could be considered for summary

judgement.  Additionally, the nature of Colbro's motion, _i.e._, a

motion to dismiss and/or for partial summary judgement, should have

placed both parties on notice that we could decide it as a summary

judgement motion.  We, therefore, treat Colbro's motion as a summary

judgement motion because we have considered the extraneous material

Civil No. 96-2190 (JAF)                                                    -6-

appended by the parties. See <u>Morales v. Health Plus, Inc.</u>, 954

F.Supp. 464, 466 (D.P.R. 1997).

**B.    <u>Summary Judgment Standard</u>**

The standard for summary judgment is straightforward and

well-established. A district court should grant a motion for summary

judgment "if the pleadings, depositions, and answers to the

interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any

material fact and the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56(c); see <u>Lipsett v. University of

P.R.</u>, 864 F.2d 881, 894 (1st Cir. 1988). A factual dispute is

"material" if it "might affect the outcome of the suit under the

governing law," and "genuine" if the evidence is such that "a

reasonable jury could return a verdict for the nonmoving party."

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a genuine issue

as to a material fact is on the moving party. See <u>Celotex Corp. v.

Catrett</u>, 477 U.S. 317, 331 (1986). This burden has two components:

(1) an initial burden of production, which shifts to the nonmoving

party if satisfied by the moving party; and (2) an ultimate burden of

persuasion, which always remains on the moving party. See <u>id.</u>  In

other words, "[t]he party moving for summary judgment, bears the

initial burden of demonstrating that there are no genuine issues of

Civil No. 96-2190 (JAF)                                          -7-

material fact for trial." <u>Hinchey v. NYNEX Corp.</u>, 144 F.3d 134, 140

(1st Cir. 1998).  This burden "may be discharged by showing that there

is an absence of evidence to support the nonmoving party's case."

<u>Celotex</u>, 477 U.S. at 325.  After such a showing, the "burden shifts

to the nonmoving party, with respect to each issue on which he has

the burden of proof, to demonstrate that a trier of fact reasonably

could find in his favor." <u>DeNovellis v. Shalala</u>, 124 F.3d 298, 306

(1st Cir. 1997) (citing <u>Celotex</u>, 477 U.S. at 322-25).

     Although the ultimate burden of persuasion remains on the moving

party, the nonmoving party will not defeat a properly supported

motion for summary judgment by merely underscoring the "existence of

some alleged factual dispute between the parties;" the requirement is

that there be a genuine issue of material fact. <u>Anderson</u>, 477 U.S. at

247-48.  In addition, "factual disputes that are irrelevant or

unnecessary will not be counted." <u>Id.</u> at 248.  Under Rule 56(e) of

the Federal Rules of Civil Procedure, the nonmoving party "may not

rest upon the mere allegations or denials of the adverse party's

pleadings, but . . . must set forth specific facts showing that there

is a genuine issue for trial." FED. R. CIV. P. 56(e); <u>Anderson</u>, 477

U.S. at 256.  Summary judgment exists to "pierce the boilerplate of

the pleadings," <u>Wynne v. Tufts Univ. Sch. of Med.</u>, 976 F.2d 791, 794

(1st Cir. 1992), and "determine whether a trial actually is

Civil No. 96-2190 (JAF)                                                    -8-

necessary." <u>Vega-Rodriguez v. Puerto Rico Tel. Co.</u>, 110 F.3d 174, 178

(1st Cir. 1997).

### III.

### <u>Analysis</u>

Colbro summarily maintains that the orders of the District Court

and the Bankruptcy Court warrant the dismissal of Marine Express'

intervention in the Levi Strauss case. Colbro contends that,

according to the Bankruptcy Court's findings, Marine Express did not

have an in personam claim against it and that, according to the

District Court's order, both parties were required to arbitrate their

claims pursuant to the Agreement. <u>See Docket Document No. 51, p. 3</u>.

Marine Express flatly rejects Colbro's assertion that the

Bankruptcy Court found that it did not have a claim against Colbro.

As proffered evidence, Marine Express submits a copy of the

Bankruptcy Court's order granting Colbro's motion to dismiss its

Chapter 11 petition in which the Bankruptcy Court held that Marine

Express retained all of its non-bankruptcy rights and remedies for

the full amount of its claims against Colbro. <u>See Docket Document</u>

<u>No. 52; Exh. 1, p. 3</u>. Marine Express also maintains that the

arbitration issue ruled upon by the District Court is moot since both

parties have since entered arbitration to resolve their dispute.

After reviewing a copy of the Bankruptcy Court's order provided

in the record, we find that it did not rule upon the merits of Marine

AO 72
(Rev 8/82)

Civil No. 96-2190 (JAF)                                              -9-

Express' claims against Colbro.  Instead, the Court ruled that Marine

Express had non-bankruptcy rights which it could pursue in

arbitration pursuant to the Agreement.  With regard to the

arbitration issue, we note that arbitration between Colbro and Marine

Express concluded on May 7, 1999 and the District Court confirmed the

arbitral award on September 28, 1999.  Consequently, we find that the

arbitration issue relied upon by Colbro is moot.

## IV.

## Conclusion

In light of the foregoing, we **DENY** Colbro's motion to dismiss

and/or for partial summary judgment; **GRANT** Marine Express' motion

requesting confirmation of the arbitration award; and **GRANT**, pursuant

to FED. R. CIV. P. 64 and 32 L.P.R.A. App. III R. 56, Marine Express'

request to attach or garnish any monetary award due Colbro resulting

from its dispute with Levi Strauss so as to satisfy the May 7, 1999

arbitral award. See HMG Property Investors, Inc. v. Parque Industrial

Rio Canas, Inc., 847 F.2d 908, 914 (1st Cir. 1988).  In HMG Property

Investors, the First Circuit affirmed the district court's order

requiring posting of bond to cover accrued tax liability, reasoning

that:

> Rule 56 of the Rules of Civil Procedure confers
> upon the court sufficient flexibility to issue
> the measures which it deems necessary or
> convenient, according to the circumstances of
> the case, to secure the effectiveness of the

Civil No. 96-2190 (JAF)                                              -10-

> judgments.   Its only limitation is that the
> measure be reasonable and adequate to the
> essential purpose of the same, which is to
> guarantee the effectiveness of the judgment
> which in due time may be rendered.  This
> flexibility, so necessary for the administration
> of justice, is the greatest virtue of Rule 56,
> virtue which we should promote and preserve
> instead of mystifying it with technical concepts
> and requirements.

Id. (quoting F.D. Rich Co. v. Superior Court, 99 P.R.R. 155, 173

(1970)); see also Unanue-Casal v. Unanue-Casal, 144 B.R. 604, 610-11

(D.P.R. 1992) aff'd, In re Casal, 998 F.2d 28 (1st Cir. 1993).

This Opinion and Order disposes of Docket Documents Nos. 49, 52,

54, 58, and 76.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this                 17th         day of March, 2000.

                                            JOSE ANTONIO FUSTE
                                            U. S. District Judge