IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LEVI STRAUSS AND COMPANY,

Plaintiff

v.

M/V "PHOENIX SPIRIT," etc., et al.,

Defendants
_____

MARINE EXPRESS, INC.,

Intervenor-Plaintiff

v.

M/V "PHOENIX SPIRIT," etc., et al.,

Defendants                                    CIVIL 96-2190 (JAG)
_____

COLBRO SHIP MANAGEMENT
COMPANY LIMITED,

Intervenor-Plaintiff

v.

LEVI STRAUSS AND COMPANY,

Plaintiff-Intervenor's Defendant

v.

WILLIAM J. COLEMAN,

Third-Party Defendant
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on practically identical motions to dismiss and/or for partial summary judgment filed by Pitea Shipping Company Limited, as owners of the M/V PHOENIX SPIRIT on June 11, 1999 (Docket No. 75), and by third-party defendant

CIVIL 96-2190 (JAG)                                    2

William J. Coleman on October 4, 1999. (Docket No. 87.) Levi Strauss opposed both motions on December 22, 1999. (Docket No. 96.)

The motions to dismiss and/or for summary judgment contain numerous exhibits. The dismissal part of the motions invokes Rule 12(b)(6), Federal Rules of Civil Procedure. Thus, because matters outside the pleadings are presented for the court's consideration and not excluded by the court, the motion is to be treated as a motion for summary judgment. Furthermore, the parties are clearly put on notice that disposition of the motions is appropriate under the more exacting standard of Rule 56. See, e.g., C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 43 (1st Cir. 1998); Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 177 (1st Cir. 1997); Rodríguez v. Fullerton Tires Corp.,. Supp. 937 F 122, 125 (D.P.R. 1996), aff'd, 115 F.3d 81, 83 (1st Cir. 1997).

As I stated in my previous recommendation, and which I find appropriate at this time to repeat in its entirety, in the District Court of Puerto Rico, Local Rule 311.12 requires a motion for summary judgment to be accompanied by a separate, short and concise statement of material facts that supports the moving party's claim that there are no genuine issues of material fact in dispute. These facts are then deemed admitted until the nonmoving party provides a similarly separate, short and concise statement of material fact establishing that there is a genuine issue in dispute. Local Rules, United States District Court for the District of Puerto Rico, Local Rule 311(12) (Michie 1996); see Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 26 (1st Cir. 2000); Domínguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D.P.R. 1997). See also Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001). These facts must be supported by specific reference to the record, thereby pointing the court to any genuine issues of material fact and eliminating the problem of the court having to "ferret through the Record." Domínguez v. Eli Lilly & Co., 958 F. Supp. at 727; see

CIVIL 96-2190 (JAG)                                  3

Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 930-31 (1st Cir. 1983); Carmona Ríos v. Aramark Corp., 139 F. Supp. 2d 210 (D.P.R. 2001); Velázquez Casillas v. Forest Lab., Inc., 90 F. Supp. 2d 161, 163 (D.P.R. 2000). Failure to comply with this rule may result, where appropriate, in judgment in favor of the opposing party. Morales v. A.C. Orssleff's EFTF, 246 F.3d at 33; Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d at 927.

Neither Coleman nor Pitea have complied with the requirements of Local Rule 311(12). Neither has substantiated their arguments with a statement of contested facts and with "proper and specific references to the [R]ecord" as required by the anti-ferret rule. Carmona Ríos v. Aramark Corp., 139 F. Supp. 2d at 215; Domínguez v. Eli Lilly & Co., 958 F. Supp. at 728. I know that the court has the discretion to obviate application of the ant-ferret rule in some situations but it is clear that the exception makes the rule and there is no valid reason for making that exception and ignoring such rule in this case, such as, for example, that there are only legal issues involved.

In view of the above, and because the local and anti-ferret rules have clearly been violated, I recommend that the motions, Docket Nos. 75 and 87, be DENIED.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4,

CIVIL 96-2190 (JAG)                                    4

6 (1st Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 21st day of August, 2001.

                          JUSTO ARENAS
                  United States Magistrate Judge