IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LEVI STRAUSS AND COMPANY,

Plaintiff

v.

M/V "PHOENIX SPIRIT," etc., et al.,

Defendants

MARINE EXPRESS, INC.,

Intervenor-Plaintiff

v.

M/V "PHOENIX SPIRIT," etc., et al.,

Defendants

COLBRO SHIP MANAGEMENT COMPANY LIMITED,

Intervenor-Plaintiff

v.

LEVI STRAUSS AND COMPANY,

Plaintiff-Intervenor's Defendant

v.

WILLIAM J. COLEMAN,

Third-Party Defendant

CIVIL 96-2190 (JAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to intervene filed by Paul E. Calvesbert Borgos d/b/a Calvesbert Law Offices and Calvesbert Law Offices, PSC, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.



CIVIL 96-2190 (JAG)                                2

Intervening plaintiff seeks to collect $62,745.88 in fees (arrears for legal services) owed him by Pitea, Colbro and Coleman in this case and in two other cases in this court. Intervening plaintiff invokes the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claim forms part of the same case or controversy. The former clients responded to the motion to intervene on November 6, 2000. (Docket No. 130.) They argue that the rule has not correctly been invoked since the claim for legal fees and main action do not have a question of law or fact in common, and there is no independent basis for jurisdiction. A reply to opposition to motion to intervene was filed on January 3, 2001. (Docket No. 137.) The intervening plaintiff stresses that the independent basis for jurisdiction in this case is the same as in the underlying case– admiralty. He also notes that he has a maritime lien under 46 U.S.C. § 31342 and that his services are similar to those covered under 46 U.S.C. § 31301(6) which prescribes that attorney's fees provided for in a mortgage agreement are entitled to the same priority over all other claims to the proceeds as is the principal of the debt secured by the mortgage. Intervening plaintiff stresses the interest of judicial economy for him to establish a lien in his favor in order to protect his interest in collecting any judgment in his favor.

The exercise of this supplemental jurisdiction is clearly discretional. However, it is clear that determining the legal fees a party to a lawsuit properly before the court owes his attorney with respect to work done in the suit being litigated "easily fits the concept of ancillary jurisdiction." Jenkins v. Weinshienk, 670 F.2d 915, 918 (10th Cir. 1982); Sado v. Ellis, 815 F. Supp. 761, 762 (S.D.N.Y. 1993); see also Pay Television of Greater New York Inc. v. Sheridan, 766 F.2d 92, 94 (2nd Cir. 1985). This concept probably has more force in a case where the court sits in admiralty and where the labor incurred by an attorney is in the nature of a maritime lien. See, e.g., Nova Univ. of Advanced Technology, Inc. v. M/V Gypsy, 331 F. Supp. 721, 722 (S.D. Fla. 1971). It should be clear that

CIVIL 96-2190 (JAG)                                           3

intervention in this ancillary matter should be limited to work incurred in this case and exclude work performed in other cases, regardless of the concept of judicial economy.

In view of the above, I recommend that the court exercise its discretion and grant the motion to intervene, limiting the amount in controversy to those fees incurred in this case to the exclusion of fees incurred in the two other cases cited by intervenor.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 21st day of August, 2001.

JUSTO ARENAS
United States Magistrate Judge