IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LEVI STRAUSS AND COMPANY,

Plaintiff

v.

M/V "PHOENIX SPIRIT," etc., et al.,

Defendants
_____
MARINE EXPRESS, INC.,

Intervenor-Plaintiff

v.

M/V "PHOENIX SPIRIT," etc., et al.,

Defendants
_____
COLBRO SHIP MANAGEMENT COMPANY LIMITED,

Intervenor-Plaintiff

v.

LEVI STRAUSS AND COMPANY,

Plaintiff-Intervenor's Defendant

v.

WILLIAM J. COLEMAN,

Third-Party Defendant
_____

CIVIL 96-2190 (JAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on identical motions to dismiss under Rule 4(m) of the Federal Rules of Civil Procedure filed by Distribution Services, LTD (DSL) on August 21, 2001 in relation to intervenor plaintiff, and third-party plaintiff Colbro Ship Management Company Limited, (Docket Nos. 143, 144), six days before I directed the

CIVIL 96-2190 (JAG)                                    2

Clerk to enter default against this party, which it did on August 27, 2001. (Docket No. 148.) On August 29, 2001, Colbro filed a timely opposition to the motion to dismiss. Rule 4(m) reads as follows:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed. R. Civ. P. 4(m).

Distribution Services, LTD, tersely asserts that the third-party complaint is dated December 15, 1998 and was served on October 13, 2000, apparently pursuant to Florida law. Thus the third-party complaint should be dismissed. Colbro notes in opposition that it filed a motion seeking leave to file a third-party complaint on December 16, 1998 and that the motion was granted on February 28, 2000. Thus the third-party complaint was filed on the latter date. Colbro was then allowed to retain new counsel and on April 27, 2000, a new attorney appeared representing Colbro. Summons was issued by the Clerk on June 27, 2000. A request for waiver of service of summons was sent to DSL but DSL did not waive service of summons. DSL was served on October 13, 2000. On November 16, 2000, Colbro notified the court that DSL was served and had not answered or otherwise pled by asking for an extension of time.

Given the particular circumstances outlined above, including the fact that summons was served within 120 days of its being issued by the Clerk, I find that there was good cause for failure to comply with the 120 day requirement of Rule 4(m).

In view of the above, I recommend that the motion to dismiss filed by DSL on August 21, 2001 (Docket No. 144) be DENIED.

CIVIL 96-2190 (JAG)                    3

      Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

      At San Juan, Puerto Rico, this 7th day of September, 2001.

                                  JUSTO ARENAS  
                          United States Magistrate Judge