UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LEVI STRAUSS & CO.

**Plaintiff**

v.                                    CIVIL NO.   96-2190   (JAG)

M/V PHOENIX SPIRIT, <u>et al.</u>

**Defendants**

---

### MEMORANDUM AND ORDER

The Court has before it Third-Party Defendant Distribution Services Limited's ("DSL") motion to dismiss Third-Party Plaintiff COLBRO's ("COLBRO") Third-Party Complaint.  (Docket No. 210.)  DSL contends that the Court lacks personal jurisdiction over it, as it did not have minimum contacts with Puerto Rico, the forum state, and therefore could not have reasonably anticipated being haled into court there.  DSL's motion, however, fails to consider that in an admiralty case, "the limits on a state's power over non-resident defendants do not apply to a federal court sitting in admiralty in that state."  <u>Trans-Asiatic Oil Ltd. S.A. v. Apex Oil Co.</u>, 743 F.2d 956, 959 (1st Cir. 1984).  Indeed, in the admiralty context, "due process only requires sufficient contacts within the United States as a whole."  <u>Id.</u>  Accordingly, its jurisdictional argument misses the mark.

As the <u>Trans-Asiatic Oil</u> Court noted, in admiralty, the typical concerns about litigating in a distant or inconvenient forum are properly addressed by the non-constitutional doctrine of *forum non conveniens*.  <u>Id.</u>  DSL has not brought forth such an argument, however, and even if it did at this late stage, the Court would not be inclined to look upon it favorably.  COLBRO filed its Third-Party Complaint on February 28, 2000 (Docket No. 105).  DSL filed its Answer on February 14, 2002 (Docket No. 190).  Moreover, its initial responsive pleading did not contain an affirmative defense of improper venue or *forum non conveniens*.  Indeed, DSL appears to have hung its hat on its jurisdictional theory.  As the Court noted, that argument cannot carry the day.

Lastly, DSL argues that the Court should dismiss COLBRO's Complaint for failure to state a claim pursuant to Fed. R. Civ.

1

P. 12(b)(6), or, alternatively, require COLBRO to file a more definite statement of its claims against DSL.  The Court grants the latter request.  COLBRO shall amend its Complaint to incorporate a specific statement of its claims against DSL by **July 15, 2002**.  No extensions shall be granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of July, 2002.

JAY A. GARCIA-GREGORY
U.S. District Judge